## Patterson Township v. Beaver Falls Land Co.

*Swaney & Lucas*, for plaintiff.

*Theodore A. Tenor*, for defendant.

WILSON, P. J., May 25, 1945.—At nos. 3838, 3839, and 3840, June term, 1936, Patterson Township entered municipal sewer construction liens against lots

145, 147 and 149 in the River View Plan of Lots situate in the Borough (now City) of Beaver Falls and Patterson Township, as recorded in Plan Book vol. 5, pp. 14, 15. William F. Wissner, the present owner of said lots, was allowed to intervene, and at his instance a rule issued on said township to show cause why the writs of scire facias on said liens, issued at nos. 227, 228, and 229, June term, 1941, should not be stricken from the record, which rules are now before us for determination.

At nos. 3840, June term, 1936, counsel for the parties filed a stipulated statement of facts, the last paragraph of which is as follows:

"If the court be of the opinion under the above facts that said municipal lien binds the property described in said mentioned lien, then the rule to be discharged at the cost of petitioner, otherwise the said rule to be made absolute; the same order to be entered at no. 3838 and no. 3839, June term, 1936, as entered at the above number and term."

From this stipulation and the records therein referred to, we find the following:

Highland Avenue is not a line street between said municipalities, but crosses the dividing line practically at right angles.

The sewer was extended eastwardly along Highland Avenue to accommodate lots 210, 212, 214, 216, 218, and 220, on the southern side of said avenue, which, with the exception of a small part of one lot, are all in the Township of Patterson.

Across from these and on the northerly side of Highland Avenue are lots 140, 141, 143, 145, 147, and 149, the last three of which, with the exception of a small part of 145, are in the Borough (now City) of Beaver Falls. The sewer accommodates these lots.

Said lots 145, 147, and 149 were sold at treasurer's sale for delinquent taxes, and conveyed to the Commissioners of Beaver County on May 1, 1940, by deed recorded in sheriff's deed book vol. 9, p. 126.

Said commissioners sold and conveyed said lots to William F. Wissner on August 3, 1942, by deed recorded in deed book vol. 499, p. 53, the advertisement of said sale being: "Lots in Riverview, B. F. L. Co., sold May 1, 1940, as the property of C. E. Martin, now Beaver Falls Improvement Company."

Said lots are parts of the lands of the Riverview Improvement Company and not Beaver Falls Land Company, as advertised by the county commissioners.

Said three lots are located in and assessed for tax purposes in the Second Ward of the City of Beaver Falls, upon which taxes said lots were sold at the aforesaid tax sale.

The municipal liens under consideration were entered of record in the locality index as against property situate in the Township of Patterson.

No buildings are erected on said lots, and for their service no sewer taps have as yet been made.

Highland Avenue is not a line street between the City of Beaver Falls and Patterson Township, but is almost exclusively in said township. William F. Wissner is properly on the record as an intervenor, as the present owner of the lots. The oral notices of counsel at the commissioner's sale as to the sale being subject to the sewer liens, being contradictory, must be disregarded. Mr. Tenor, as attorney for Mr. Wissner, announced that the liens were not operative, and it is evident that it was upon this opinion that Mr. Wissner became the purchaser.

There are two questions before us: Can Patterson Township file liens against lots in the City of Beaver Falls for the construction of a township sewer? And, are liens, indexed in the locality index for Patterson Township, valid as against lots actually situate in the Second Ward of the City of Beaver Falls?

The answer to the first question is that municipalities have no extraterritorial jurisdiction, unless such is clearly created by act of assembly. We are unable to

find such an act. The Act of July 24, 1941, P. L. 498, 53 PS §2141.1, applies to sewer rates for the use of sewers already constructed and in use, and has no reference to liens for the construction of new sewers. Nor does The First Class Township Law of June 24, 1931, P. L. 1206, sec. 2125, apply, as Highland Avenue is not a street such as is described in said section; and, even if it were, how are such liens to be recorded in the locality index, in the municipality in which the street is, or the municipality in which the property is situate? Which brings us to the second question before us.

Section 26 of the Act of May 16, 1923, P. L. 207, 53 PS §2046, provides as follows:

"It shall be the duty of the prothonotaries of the courts of common pleas to keep a locality index, in which shall be entered all tax or municipal claims hereafter filed, and, upon any written order therefor, they shall give a certificate of search, showing all the claims filed against any property. For so doing they shall receive the sum of twenty-five cents, and five cents additional for each claim certified, and no more."

This shows the importance of the record known as the locality index. In searching liens the prothonotary is certainly not required to go outside of a given municipal division, and if a lien is entered in another municipality than where the property is located it is invalid, if for no other purpose than the protection of the prothonotary, and all others searching the records. The question of mistake may be eliminated, as that goes to the accountability of a public officer and not to the validity of a lien. In addition, if a mistake was made, it was made on the outside of the counter, when the municipal authorities, or their attorney, prepared and passed the memoranda of lien to the prothonotary.

Under the authority of the opinion of Fronefield, P. J., of Delaware County, in Lansdowne Borough v. Counties Real Estate & Mortgage Co. et al., 45 D. & C. 391, the liens are invalid, and the rules must be made absolute.

The equities in this matter are clearly with the Township of Patterson, and the remedy may be, if and when the owner of the lots applies for a sewer tap, to require him to reimburse the township for the expense of construction before consenting to the use of its sewer by property in Beaver Falls, and the Act of 1941 would provide for future charges.

## Order

And now, May 25, 1945, for the reasons given in the foregoing opinion, the rule is made absolute and the municipal lien entered in favor of Patterson Township and against Beaver Falls Land Company, at no. 3840, June term, 1936, together with all proceedings to revive and extend the same, is hereby stricken from the record.